Order on Suggestion for Writ of Prohibition
McDONALD, Justice.
The state has petitioned for a writ prohibiting Judge Schaeffer from issuing a stay sought by John Michael, who is under a current death warrant. Michael has sought a stay of execution from Judge Schaeffer, claiming that the circuit court can grant a stay under its all writs power even though no claim for post-conviction relief is pending in that court. In his application for stay Michael depends on our recent denials of prohibition regarding James Agan, State v. Green, 466 So.2d 218 (Fla.1985), and Robert Waterhouse, State v. Beach, 466 So.2d 218 (Fla.1985). Agan, however, had filed a motion for collateral relief under Florida Rule of Criminal Proce *699 dure 3.850 along with his application for stay, while Waterhouse’s application for stay contained enough facts to show, on its face, that he might be entitled to relief under rule 3.850 and that his application for stay could be treated as a 3.850 motion subject to amendment. Their trial courts, therefore, had a valid basis for exercising jurisdiction. See Fla.R.Cr.P. 3.850. Michael, on the other hand, has not filed a 3.850 motion, and his application for stay is devoid of any facts which would allow a court to consider that document as a color-able motion under rule 3.850. The circuit court, therefore, had no jurisdiction to entertain his application for a stay. See § 922.06, Fla.Stat. (1983). We therefore grant the state’s motion for suggestion of prohibition without prejudice to the filing of a motion for post-conviction relief under rule 3.850.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, ALDERMAN, EHRLICH and SHAW, JJ., concur.