490 So.2d 1257 (1986)
Theodore Robert BUNDY, Appellant,
v.
STATE of Florida, Appellee.
No. 68960.
Supreme Court of Florida.
June 26, 1986.
James E. Coleman, Jr. and Polly J. Nelson of Wilmer, Cutler & Pickering, Washington, D.C., for appellant.
Jim Smith, Atty. Gen. and Gregory Costas, Andrea Smith Hillyer and Raymond L. Marky, Asst. Attys. Gen., Tallahassee, for appellee.
PER CURIAM
Finding that no motion for post-conviction relief under rule 3.850 has been filed, we affirm the circuit court's order denying the application for stay of execution. Our order is without prejudice to the appellant's right to file a motion for post-conviction relief in the trial court. See State ex rel. Russell v. Schaeffer, 467 So.2d 698 (Fla. 1985).
It is so ordered.
BOYD, C.J., and OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.
BARKETT, J., concurs specially with an opinion.
NO MOTION FOR REHEARING WILL BE ALLOWED.
BARKETT, Justice, concurring specially.
I agree that this case is controlled by State ex rel. Russell v. Schaeffer, 467 So.2d 698 (Fla. 1985), and therefore, I concur in the decision of the court.
I am troubled, however, by the apparently unequal treatment afforded capital defendants under death warrant in the exercise of their rights under Florida Rule of Criminal Procedure 3.850. This rule establishes the right of a criminal defendant to collaterally attack his conviction.
The rule specifically provides:
Any person whose judgment and sentence became final prior to January 1, *1258 1985, shall have until January 1, 1987, to file a motion in accordance with this rule.
The defendant's case falls within these parameters. To permit the shortening of this time period by execution prior to a defendant's opportunity to exercise the right afforded him by Rule 3.850 would seem to violate the equal protection and due process guarantees of our constitutions. "[T]he government violates the essence of due process when it creates a right to petition and then makes the exercise of that right utterly impossible." Haitian Refugee Center v. Smith, 676 F.2d 1023 (5th Cir.1982). Those criminal defendants whose convictions have become final prior to January 1, 1985, are given the opportunity to carefully and deliberately evaluate and present their claims until January 1, 1987. Should not capital defendants be afforded the same opportunity?