515 So.2d 227 (1987)
Harry PHILLIPS, Petitioner,
v.
Richard L. DUGGER, etc., Respondent.
No. 71404.
Supreme Court of Florida.
November 19, 1987.
Larry Helm Spalding, Capital Collateral Representative, Billy H. Nolas and Jerome H. Nickerson, Staff Attys., Office of the Capital Collateral Representative, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen., Richard L. Kaplan, Capital Collateral Coordinator and Michael J. Neimand, Asst. Atty. Gen., Miami, for respondent.
PER CURIAM.
Harry Phillips, under a sentence and warrant of death, files this petition for extraordinary relief, for a writ of habeas corpus, request for stay of execution, and application for stay of execution pending disposition of petition for writ of certiorari. We have jurisdiction. Art. V, § (3)(b)(9), Fla. Const.
Phillips was convicted in 1983 of the murder of a parole supervisor who was the superior of several probation officers in charge of Phillips's parole. The jury recommended the death penalty and the trial judge sentenced Phillips to death. The verdict and sentence were affirmed by this court. Phillips v. State, 476 So.2d 194 (Fla. 1985). In that appeal Phillips raised several issues: testimony concerning collateral crimes, excessively prejudicial testimony of a fellow inmate, the trial court's refusal to give a requested instruction on alibi, and the court's findings that the murder was especially heinous, atrocious and cruel and committed in a cold, calculated and premeditated manner.
In this petition Phillips now raises a challenge to the sentencing proceeding based on Caldwell v. Mississippi, 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985). As grounds for his writ of habeas corpus Phillips maintains that comments from the prosecutor and the judge to the effect that the jury's role in the sentencing proceeding was advisory and that the trial judge would make the final determination of sentence diminished the jury's sense of responsibility for its actions. Thus, petitioner argues, he was denied a fair and individualized sentencing proceeding, which is guaranteed by the eighth amendment to the United States Constitution.
Phillips's trial counsel did not object to these comments at the time they were made, and his direct appeal did not argue *228 that the jury was in any way adversely influenced by them. The failure to raise this issue at trial and on direct appeal means the claim is procedurally barred. Caldwell, which was based in part on prior Florida case law, was not a sufficiently significant change in the law upon which to base a collateral attack. Witt v. State, 387 So.2d 922 (Fla.), cert. denied, 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980). In any event, Caldwell was decided while Phillips's appeal was still pending in this Court. Without implying that his contention has substantive merit, we hold that Phillips's claim is procedurally barred.
We deny Phillips's petition. No petition for rehearing shall be permitted.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, GRIMES and KOGAN, JJ., concur.
BARKETT, J., concurs specially with an opinion.
BARKETT, Justice, specially concurring.
I agree with the majority that this Court's previous rulings on the Caldwell issue are controlling and thus require the denial of relief. However, I do not share the majority's view of Caldwell.
The principle upon which Caldwell rests is that the eighth amendment requires confidence in the reliability of the decision to impose death. The Supreme Court decided that statements minimizing the jury's sense of responsibility undermined that confidence. Thus, the death penalty was not permitted to stand because the statements to the jury "rendered the capital sentencing proceeding inconsistent with the eighth amendment's need for heightened reliability in the determination that death is the appropriate punishment in a specific case." 105 S.Ct. at 2636 (quoting Woodson v. North Carolina, 428 U.S. 280, 305, 96 S.Ct. 2978, 2991, 49 L.Ed.2d 944 (1976) (plurality opinion)).
In my view, this principle and the entire rationale advanced by Caldwell is equally applicable to Florida's sentencing scheme, which places great weight on the jury's recommendation. See, e.g., Fead v. State, 512 So.2d 176 (Fla. 1987); Ferry v. State, 507 So.2d 1373 (Fla. 1987); Tedder v. State, 322 So.2d 908 (Fla. 1975).
Moreover, I do not believe Caldwell or the line of death-penalty cases beginning with Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), see, e.g., Skipper v. South Carolina, 476 U.S. 1, 106 S.Ct. 1669, 90 L.Ed.2d 1 (1986); Eddings v. Oklahoma, 455 U.S. 104, 102 S.Ct. 869, 71 L.Ed.2d 1 (1982), permits a defendant to "waive" the need for reliability. Thus, I cannot agree that a procedural bar, resting as it does on the concept of waiver by default, permits the courts of any state to affirm a death sentence that bears the indicia of unreliability. Wherever there is serious doubt on this question, I conclude that state procedural bars must bend before the constitutional need for reliability upon which Caldwell and Furman rest.