526 So.2d 71 (1988)
Larry Helm SPALDING, etc., et al., Petitioners,
v.
Richard L. DUGGER, etc., et al., Respondents.
No. 72475.
Supreme Court of Florida.
June 10, 1988.
Larry Helm Spalding, Capital Collateral Representative, Tallahassee, Billy H. Nolas, Office of the Capital Collateral Representative, for petitioners Norman Parker, Dan Edward Routly, Daniel Karr Johnson, and Robert Ira Peede.
Martin J. McClain, Judith J. Dougherty, and Carlo Obligato, Office of the Capital Collateral Representative, for petitioner Ernesto Suarez.
Julie Naylor, Office of the Capital Collateral Representative, for petitioner Norman Parker.
Robert A. Butterworth, Atty. Gen. and Carolyn M. Snurkowski, Asst. Atty. Gen., Tallahassee, for respondents.
OVERTON, Justice.
Larry Helm Spalding, the Florida Capital Collateral Representative, petitions this Court for extraordinary relief by writ of mandamus or prohibition with regard to his representation of five death-sentenced petitioners (Norman Parker, Dan Routly, Ernesto Suarez, Daniel Johnson, and Robert Peede) against whom the governor has signed death warrants. For the reasons expressed below, we deny relief.
Florida's capital collateral representative (CCR) is required by statute to represent indigent death-sentenced inmates whose direct appeal proceedings have terminated. Section 27.702, Florida Statutes (1987), sets forth the duties of the capital collateral representative and, in pertinent part, states:
The capital collateral representative shall represent, without additional compensation, *72 any person convicted and sentenced to death in this state who is without counsel and who is unable to secure counsel due to his indigency or determined by a state court of competent jurisdiction to be indigent for the purpose of instituting and prosecuting collateral actions challenging the legality of the judgment and sentence imposed against such person in the state courts, federal courts in this state, the United States Court of Appeals for the Eleventh Circuit, and the United States Supreme Court.
Petitioner Spalding maintains that the unprecedented signing of nine death warrants, all operative during the same time period, makes it impossible for him to provide the death-sentenced prisoners with even a semblance of the postconviction due process to which they are entitled.
Spalding bases his assertion on the fact that his office's budget has been completely depleted and, thus, he lacks the necessary funds to meet travel costs, witness expenses, and other associated litigation costs until the new budget year commences on July 1, 1988. The agency's chief fiscal officer stated under oath that the accounts from which the collateral representative contracts for experts and part-time staff assistants, including experts utilized to address mental health issues, "have been completely exhausted." She determined that CCR cannot expend funds for investigation, travel, experts, or other services directly related to the nine cases under active death warrants, without violating section 216.311, Florida Statutes (1987), and subjecting the capital collateral representative to the penalties provided in section 775.082, 775.083, or 775.084, Florida Statutes (1987).
Spalding asserts that, given these fiscal circumstances, he is unable to assure the presence of counsel for scheduled evidentiary hearings in the various courts prior to July 1. He concedes that when additional funds are released on July 1, the problem "should dissipate."
The collateral representative requests this Court to grant relief in one of the following alternatives: (1) enter stays of execution and order no further evidentiary hearings be held in the collateral relief proceedings for the death-sentenced prisoners Spalding represents until after July 1, 1988; (2) direct the respondent trial courts to enter stays of execution and not proceed on evidentiary hearings until after July 1, 1988; or (3) order the trial courts to enter stays of execution unless the appropriate boards of county commissioners agree to pay the costs and expenses of the office of the capital collateral representative. The state responds that this Court does not have jurisdiction to provide the requested relief until a postconviction claim is filed in the trial court and the trial court has had an opportunity to entertain the issue of whether a stay is necessary.
We recognize that, under section 27.702, each defendant under sentence of death is entitled, as a statutory right, to effective legal representation by the capital collateral representative in all collateral relief proceedings. This statutory right was established to alleviate problems in obtaining counsel to represent Florida's death-sentenced prisoners in collateral relief proceedings. Although the United States Supreme Court, in Pennsylvania v. Finley, ___ U.S. ___, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987), and Ross v. Moffitt, 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974), held there is no absolute constitutional right to counsel in collateral relief proceedings, it did recognize that the circumstances of a particular case might require appointment of counsel. Id. Accord Graham v. State, 372 So.2d 1363 (Fla. 1979). The legislature established this statutory right, not only in recognition of the appropriateness for all death-sentenced prisoners to have counsel in collateral relief proceedings, but also to avoid the attendant problems of determining the need to appoint counsel and the utilization of volunteer counsel, including the resulting delays in that process. We note that recently one federal circuit court of appeals has held that states are absolutely obligated to provide counsel for death-sentenced defendants in collateral relief matters. See Giarratano v. Murray, 847 F.2d 1118 (4th Cir.1988).
*73 We agree with the state that any claim by Spalding that he is unable to provide effective assistance of counsel for defendants he represents must be individually addressed by the trial court in each case. We do not have the authority to grant relief in the manner requested. In order for this Court to grant a stay of execution, there must be an appeal or habeas corpus pending before this Court and there is no appeal pending except in the Suarez matter, which is scheduled to be heard by this Court on June 13, 1988. See § 922.06, Fla. Stat. (1987); see also State ex rel. Russell v. Schaeffer, 467 So.2d 698 (Fla. 1985). With regard to the five death-sentenced petitioners in this cause, only one remains subject to a possible trial court hearing before July 1, 1988. Stays have already been granted by the trial courts for Norman Parker, Dan Routly, and Daniel Johnson. The trial court has held a hearing and denied relief to Ernesto Suarez, and his cause is now pending in this Court, both on appeal and on petition for habeas corpus. Petitioner Robert Peede has filed a 3.850 motion as of June 6, 1988, and that is the only matter which presently may require a trial court hearing in June, 1988.
We conclude relief should be denied in this proceeding, without prejudice to the collateral representative to assert in individual cases his claims of inability to provide effective assistance of counsel. Once that issue is presented to the trial court, it may be the subject of an appeal to this Court.
For the foregoing reasons, we deny relief.
It is so ordered.
McDONALD, C.J., and EHRLICH, SHAW, GRIMES and KOGAN, JJ., concur.
BARKETT, J., concurs specially with an opinion.
NO MOTION FOR REHEARING WILL BE ALLOWED.
BARKETT, Justice, concurring specially.
I can agree that, in general, it is the better practice to give the trial court the opportunity to rule on these matters initially. However, I do not believe that this Court lacks the power to act upon this petition should it choose to do so.