W. SHARP, J.
Gavilan appeals from the summary denial of his motion for post conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Gavilan was convicted of first degree murder and robbery with a firearm. We affirmed his convictions and sentences. See Gavilan v. State, 708 So.2d 283 (Fla. 5th DCA 1998). In this proceeding, Gavilan argues his trial counsel was ineffective for four reasons. We disagree and affirm.
First, Gavilan argues his trial counsel should have developed an intoxication defense and presented expert testimony to establish he could have been intoxicated at the time he committed the crimes. However, the defense presented at trial was that he did not commit the offenses. The *309 defense of intoxication that could have negated proof of specific intent to commit the crimes was inconsistent with that defense. Choice of the better defense was counsel’s choice and required trial strategy. The intoxication defense was preempted by the defense that the defendant was innocent. See Rose v. State, 617 So.2d 291 (Fla.1993).
Second, Gavilan argues his trial counsel was ineffective because he implied Gavilan would testify at trial about his drug use, when in fact, he did not do so. This claim is without merit. The intoxication defense was not developed as a central feature of the case and no prejudice was shown.
Third, Gavilan takes the position that his trial counsel was ineffective because he elicited testimony from a witness, Bryan Dubbelt, that Bryan had seen Gavilan hold the gun used in the crimes, on prior occasions. However, Gavilan fails to demonstrate how this testimony prejudiced his trial.
Fourth, Gavilan asserts his trial counsel was prejudiced in handling his case because at the time of the trial, his attorney was under investigation for federal medicare fraud. Being subjected to possible future federal prosecution is not a sufficient basis to show trial counsel was ineffective. Further, the claim that the defendant’s counsel had a conflict of interest should have been made or could have been made, on direct appeal. See Koon v. Dug-ger, 619 So.2d 246 (Fla.1993).
AFFIRMED.
COBB and SAWAYA, JJ„ concur.