CANADY, J.,
concurring in part and dissenting in part.
I concur in the decision to deny Ferrell’s petition for a writ of habeas corpus and the decision to affirm the denial of his guilt-phase ineffective assistance of counsel claims. But I dissent from the decision to affirm the postconviction court’s granting of a new penalty phase because I conclude that the postconviction court’s decision is at odds with Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
I disagree with the conclusion that Ferrell’s waiver of mitigation was invalid due to counsel’s ineffectiveness. The postcon-viction court’s conclusion on this point lacks evidentiary support; it results from an impermissible shifting of the burden of proof to the State. This error is apparent on the face of the postconviction court’s order, which states in pertinent part as follows:
This court is without the benefit of testimony from [defense counsel] as to what investigation he did or did not do and his reasons behind his decisions. The record dialogue concerning the defendant waiving the presentation of mitigation witnesses is less than informative on this issue. Without knowing what attempts counsel made to investigate mental health mitigators available to him, this court cannot find that the defendant made a knowing and intelligent waiver.
The same error is apparent on the face of the majority’s opinion. The majority concludes that the “competent, substantial evidence” supporting the postconviction court’s determination that trial counsel was deficient is “the complete absence of any evidence that counsel meaningfully investigated mitigation in order to ensure that Ferrell’s waiver of mitigation was knowing and voluntary.” Majority op. at 983.
Strickland makes clear that a defendant seeking postconviction relief has the burden of proving the basis for relief: “When a convicted defendant complains of the ineffectiveness of counsel’s assistance, the defendant must show that counsel’s representation fell below an objective standard of reasonableness.” Id. at 687-88, 104 S.Ct. 2052 (emphasis added). Under Strickland, “[jludicial scrutiny of counsel’s performance must be highly deferential.” Thus, “[a] court must indulge a strong presumption that counsel’s conduct falls *990 within the wide range of reasonable professional assistance.” Id. at 689, 104 S.Ct. 2052. In the instant case, there is no basis for the conclusion that Ferrell overcame the presumption of effective assistance and met his burden of showing ineffectiveness.
At the evidentiary hearing before the postconviction court, Ferrell failed to submit any evidence concerning the advice given to him by defense counsel regarding the issue of mitigation. Contrary to the trial court’s ruling, the fact that defense counsel was deceased and thus unavailable to testify does not provide a basis for shifting the burden of proof to the State and concluding that Ferrell’s claim of ineffective assistance had merit. Ferrell himself was, of course, available to testify, but he failed to do so. As a consequence, we know absolutely nothing about what defense counsel and Ferrell discussed regarding mitigation. In circumstances such as those present here, if Strickland’s strong presumption of effectiveness means anything, it must mean that it is presumed that defense counsel thoroughly discussed with Ferrell the various types of mitigation evidence that were or might be available and how such evidence would be of benefit in avoiding a death sentence.
The evidence that counsel failed to discuss mitigation with members of Ferrell’s family is insufficient to overcome the presumption of effectiveness. It is certainly not unprecedented for a defendant who has decided to forgo the presentation of mitigation to instruct defense counsel to refrain from discussing mitigation with the defendant’s family. In such circumstances, counsel’s failure to consult with the defendant’s family concerning mitigation is not itself sufficient to invalidate the defendant’s waiver of mitigation; it must also be shown that counsel failed to adequately advise the defendant about the significance of the mitigation evidence that might be forthcoming from the defendant’s family. In short, counsel need not investigate mitigation of a type which has been categorically rejected by the defendant after the defendant has been advised by counsel of the significance of such mitigation. This necessarily follows from the recognition that “the defendant, not the attorney, is the captain of the ship,” Nixon v. Singletary, 758 So.2d 618, 625 (Fla.2000), and that the “defendant has the right to choose what evidence, if any, the defense will present during the penalty phase.” Boyd v. State, 910 So.2d 167, 189-90 (Fla.2005).
I acknowledge that Koon v. Dugger, 619 So.2d 246 (Fla.1993), may be read as establishing that a defendant may not categorically preclude counsel’s investigation of mitigation. But Koon does not control here. The majority notes that “Koon, which sets forth the inquiry necessary when a defendant wishes to waive mitigating evidence against the advice of counsel, was decided after the trial in this case.” Majority op. at 982 note 12. It should also be noted that the rule adopted in Koon concerning the inquiry relating to the waiver of mitigation was expressly established as a “prospective rule.” 619 So.2d at 250. Accordingly, that rule — whatever its merits may be — has no application in this case. Trial counsel cannot reasonably be faulted for failing in 1992 to follow the prospective rule laid down by Koon in 1993.
Based on the record presented here, Ferrell not only failed to establish that counsel’s performance was deficient but also failed to show prejudice. All we know concerning Ferrell’s desires concerning mitigation is found in the admittedly terse colloquy in the trial court proceedings where Ferrell agreed with counsel’s statement that Ferrell had “taken the position he’s not guilty and wasn’t there and there *991 is nothing to offer by way of mitigation.” The record is devoid of any evidence even suggesting — much less establishing — that further investigation of mitigation by counsel would have caused Ferrell to reconsider his decision to rely on his claim of innocence and to reject the presentation of mitigation. See Schriro v. Landrigan, 550 U.S. 465, 478, 127 S.Ct. 1933, 167 L.Ed.2d 836 (2007) (“[I]t was not objectively unreasonable for [the state postconviction] court to conclude that a defendant who refused to allow the presentation of any mitigating evidence could not establish Strickland prejudice based on his counsel’s failure to investigate further possible mitigating evidence.”). The conclusion that prejudice was established here can only flow from an unwarranted presumption of prejudice. Under Strickland, the State does not have any burden to prove that Ferrell was not prejudiced by his counsel’s performance. “Strickland places the burden on the defendant, not the State, to show a ‘reasonable probability’ that the result would have been different.” Wong v. Belmontes, — U.S. -, 130 S.Ct. 383, — L.Ed.2d - (2009) (quoting Strickland 466 U.S. at 694, 104 S.Ct. 2052).
Both Deaton v. Dugger, 635 So.2d 4 (Fla.1993), and State v. Pearce, 994 So.2d 1094 (Fla.2008) — the primary authorities relied on by the majority — are distinguishable. Neither Deaton nor Pearce expressly shifted the burden of proof on the issue of ineffectiveness to the State.
In Deaton, the testimony of trial counsel established the inadequacy of the advice given by counsel to the defendant concerning mitigation and thus provided evidentia-ry support for a finding of deficient performance by counsel. When counsel was asked at the postconviction evidentiary hearing whether he explained to the defendant the mitigating circumstances that could be pursued, counsel responded: “No, except he could testify as to his treatment and how he was emotionally abused as a child. Just very briefly, if he wanted to testify.” Deaton, 635 So.2d at 9.
In Pearce, trial counsel testified. The lawyer who had primary responsibility for the penalty phase “testified that he did not conduct any preparation for the penalty phase of the trial.” 994 So.2d at 1101. Other evidence was presented concerning actions that counsel failed to undertake. We concluded in Pearce that “counsel was unable to advise Pearce as to potential mitigation.” Id. at 1103. Relying on Koon and its progeny, we concluded that Pearce was entitled to relief. The Pearce opinion contains no indication that counsel gave any testimony specifically concerning the substance of the advice given by counsel to the defendant concerning mitigation. To the extent that Pearce can be read as suggesting that the substance of such advice has no bearing on a claim that a waiver of mitigation was invalid due to counsel’s ineffectiveness, it cannot be reconciled with Strickland.
In sum, with respect to his waiver of mitigation, Ferrell failed to carry his burden of establishing either deficient performance of counsel or prejudice.
With respect to Ferrell’s argument concerning defense counsel’s failure to object to certain penalty-phase arguments made by the State, I would conclude that given the weighty aggravation present and Ferrell’s decision to forgo the presentation of any mitigation, Ferrell cannot establish that he was prejudiced by any deficiency in counsel’s performance.
Since Ferrell has failed to establish that he is entitled to relief, the sentence of death should not be disturbed.
POLSTON, J., concurs.