SCHOONOVER, Acting Chief Judge.
The appellant, Excilia Duque, challenges the judgment and sentence imposed upon her pursuant to a jury verdict finding her guilty of the crime of solicitation. The appellant was charged with first degree murder, conspiracy to commit first degree murder, and solicitation with intent to commit a felony, to wit: first degree murder. The jury returned a verdict of guilty of the solicitation charge and not guilty of first degree murder and conspiracy to commit murder. The appellant was adjudicated guilty and sentenced to serve thirty years in state prison. The trial judge, pursuant to section 947.16(3), Florida Statutes (1981), retained jurisdiction over the first one-third of the appellant’s sentence.
The appellant first raises several arguments in support of her contention that her conviction for solicitation should be reversed. Because these arguments lack merit, we decline to address them and, accordingly, affirm the appellant’s conviction.
We agree, however, with the appellant’s contention that the trial court improperly retained jurisdiction over the first one-third of her sentence. Section 947.16 authorizes retention of jurisdiction for certain enumerated felonies and for any felony involving the use of a firearm or other deadly weapon or the use of intentional violence. Since the crime of solicitation is not one of the enumerated felonies and the appellant’s actions in committing the offense of solicitation did not involve the use of a firearm, deadly weapon, or intentional violence, the trial court erred in retaining jurisdiction over the appellant’s sentence. See Faircloth v. State, 479 So.2d 779 (Fla.2d DCA 1985); Williams v. State, 374 So.2d 1086 (Fla.2d DCA 1979); Robinson v. State, 368 So.2d 638 (Fla.2d DCA 1979).
We, accordingly, affirm the judgment and sentence of thirty years imprisonment, but strike the trial court’s retention of jurisdiction over the sentence.
Affirmed as modified.
HALL and PARKER, JJ., concur.