604 So.2d 810 (1992)
Michael Alan DUROCHER, Appellant,
v.
STATE of Florida, Appellee.
No. 77745.
Supreme Court of Florida.
July 23, 1992.
Rehearing Denied September 30, 1992.
*811 Nancy A. Daniels, Public Defender, and David A. Davis, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Richard B. Martell, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Michael Durocher appeals the death sentences imposed upon his conviction of three counts of first-degree murder. We have jurisdiction, article V, section 3(b)(1), Florida Constitution, and affirm his sentences.
In August 1988 Jacksonville police arrested Durocher for murder. While awaiting sentencing after being convicted of first-degree murder,[1] Durocher confessed to another murder, committed in 1986. After being convicted of that murder and sentenced to death,[2] he wrote to an assistant state attorney in July 1989, saying that he knew of other murders. Over the next fifteen months he made several statements to the authorities and, in October 1990, confessed to killing a former girlfriend and her two small children and drew a map of where their bodies were buried.
According to Durocher's confessions, he met the victim and her three-year-old daughter in 1981. He visited them in New Jersey several times over the next two years, and the adult victim bore his son in 1983. Durocher went to visit them for about three months after the boy's birth and then brought them to Florida. Although he claimed that he and the children's mother had made a murder/suicide pact, he also said that he intended to kill the woman and her children but not himself. One evening he bought a shovel, drove the victims to a deserted area in Clay County, shot the girl with a shotgun he had in the car, and stabbed and beat the boy. After burying the children, he dug a grave for their mother and then shot and buried her.
Early in 1991 Durocher was indicted for three counts of first-degree murder. Trial began on March 4, but on the following day Durocher decided, against his attorney's counsel, to change his plea to guilty after several prosecution witnesses had testified. The trial court ordered that Durocher be examined to determine his competency to change his plea. That examination showed him to be competent and, after questioning him, the court determined that the plea change was being made freely, knowingly, and voluntarily and allowed it. The court adjudicated Durocher guilty as charged and proceeded to the penalty phase. Durocher instructed his counsel not to present any mitigating evidence or to challenge the prosecution's presentation of evidence. The jury unanimously recommended death for each of the three murders, which the court imposed.
The first argument presented on appeal is that the trial court should have appointed special counsel to present mitigating evidence and conduct the penalty phase in an adversarial manner. This claim relies on Klokoc v. State, 589 So.2d 219 (Fla. 1991), where, on its own motion, the trial court appointed special counsel for the penalty phase when Klokoc pled guilty, waived a sentencing jury, and refused to cooperate with his original counsel on the presentation of mitigating evidence. In considering Klokoc's appeal, however, we did not rule on the propriety of appointing special counsel.
Reliance on Klokoc is misplaced both because Durocher or his counsel did not request the appointment of special counsel and because we rejected the requirement *812 for special counsel when a defendant waives the presentation of mitigating evidence in Hamblen v. State, 527 So.2d 800 (Fla. 1988). Instead, we have consistently held that a defendant may, if done knowingly and voluntarily, waive participation in the penalty phase. E.g., Pettit v. State, 591 So.2d 618 (Fla. 1992); Henry v. State, 586 So.2d 1033 (Fla. 1991); Anderson v. State, 574 So.2d 87 (Fla.), cert. denied, ___ U.S. ___, 112 S.Ct. 114, 116 L.Ed.2d 83 (1991); Hamblen. Here, the trial court swore in Durocher, had him take the stand, and questioned him closely on two different days on his understanding of what he was giving up and what he was risking by pleading guilty and waiving the presentation of mitigating evidence. The record shows that Durocher understood the consequences of his decision and that he freely, voluntarily, and knowingly waived participation in the penalty phase. We therefore hold this issue to be without merit.
At the penalty phase the prosecution presented one witness, a detective who testified about the other murders Durocher committed, and then relied on the testimony at trial before Durocher changed his plea. Durocher's counsel told the court that, if given the opportunity, he would have presented testimony about Durocher's life and family and from the mental health experts who had examined Durocher. Durocher adamantly reiterated that he did not want any mitigating evidence introduced.[3]
In his sentencing order the trial judge found that two aggravators, previous conviction of violent felony and committed in a cold, calculated, and premeditated manner with no pretense of moral or legal justification, had been established. Durocher does not attack the applicability of these aggravators, and we find them to be amply supported by the record.
Durocher does, however, argue that the judge's findings regarding mitigating evidence are not unmistakably clear, do not consider all of the nonstatutory mitigators suggested by counsel, and use Durocher's lack of incompetency or insanity to reject mitigation. We find no merit to these arguments. The trial judge carefully considered and weighed all of the evidence about Durocher that could be gleaned from his statements, from the reports of the mental health experts who examined Durocher prior to trial and prior to his change of plea, and from counsel's statement in court. See Campbell v. State, 571 So.2d 415 (Fla. 1990). The trial judge conscientiously performed his duty of deciding if mitigators had been established by the evidence and resolved conflicts in that evidence. Sireci v. State, 587 So.2d 450 (Fla. 1991), cert. denied, ___ U.S. ___, 112 S.Ct. 1500, 117 L.Ed.2d 639 (1992). There is competent, substantial evidence to support the trial court's conclusion that Durocher's death sentences are appropriate. See Ponticelli v. State, 593 So.2d 483 (Fla. 1991).
Therefore, we affirm Durocher's convictions and sentences.
It is so ordered.
OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
BARKETT, C.J., concurs with an opinion.
BARKETT, Chief Justice, concurring.
I concur with the majority opinion but adhere to the views expressed in my opinion in Hamblen v. Dugger, 546 So.2d 1039, 1042 (Fla. 1989) (Barkett, J., dissenting).
NOTES
[1] The district court affirmed Durocher's conviction of first-degree murder and sentence of life imprisonment. Durocher v. State, 560 So.2d 1174 (Fla.1st DCA 1990).
[2] We affirmed the conviction and death sentence. Durocher v. State, 596 So.2d 997 (Fla. 1992).
[3] The sequence of events in this case anticipated the prospective rule we recently set out for a defendant's waiver of the presentation of mitigating evidence:

When a defendant, against his counsel's advice, refuses to permit the presentation of mitigating evidence in the penalty phase, counsel must inform the court on the record of the defendant's decision. Counsel must indicate whether, based on his investigation, he reasonably believes there to be mitigating evidence that could be presented and what that evidence would be. The court should then require the defendant to confirm on the record that his counsel has discussed these matters with him, and despite counsel's recommendation, he wishes to waive presentation of penalty phase evidence.
Koon v. Dugger, no. 74,245, slip op. at 10-11, 1992 WL 117272, *4 (Fla. June 4, 1992).