636 So.2d 1312 (1994)
David Mueller ELAM, Appellant,
v.
STATE of Florida, Appellee.
No. 80039.
Supreme Court of Florida.
April 7, 1994.
Rehearings Denied June 6, 1994.
James B. Gibson, Public Defender and Larry B. Henderson, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen. and Sara D. Baggett, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
We have on appeal the judgment and sentence of the trial court imposing the death penalty upon David Mueller Elam. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const. We affirm the conviction, vacate the sentence, and remand for imposition of a life sentence.
Elam was hired by the victim, Carl Beard, to manage Beard's motorcycle parts store. When Beard confronted Elam on December 17, 1991, concerning misappropriated funds, an altercation broke out. Elam struck Beard with his fist, knocking him to the floor, then picked up a brick and struck him several times on the head, killing him. While incarcerated on the murder charge, Elam attempted to hire an undercover agent to kill two witnesses. He ultimately pled guilty to first-degree murder and two counts of solicitation *1313 to commit murder. The State originally agreed to a plea bargain of life imprisonment on the murder charge, but subsequently sought the death penalty when Elam insisted he wanted to be executed. Elam waived his right to a penalty phase jury and declined to attend the penalty proceeding. He also did not want his lawyer to attend, but later gave him permission to participate in a limited fashion: "Your Honor, all I want to do is get this over with. If it's quicker for him to say something, let him say something. Just let me go [from the courtroom] so we can get it over with, please." The defense presented testimony of the victim's brother and of an acquaintance, and Elam himself made a statement to the court.
The judge sentenced Elam to two thirty-year terms on the solicitation counts, and provided that the terms are to run concurrently with each other and consecutively to the sentence on the murder count. The judge imposed the death penalty on the murder count, finding four aggravating circumstances[1] and one nonstatutory mitigating circumstance.[2] Elam filed the present appeal seeking to have his pleas withdrawn or alternatively his death sentence vacated and the case remanded for a new penalty phase proceeding or imposition of a life sentence. He raises eleven issues.[3]
Elam first claims that his guilty plea was illegally entered for several reasons: It was entered to stop harassment of his family by the State; it was conditioned on receipt of the death penalty; and there was an insufficient factual basis for it. We find that Elam entered a voluntary, knowing and intelligent plea. Only later, at the conclusion of the sentencing proceeding, did he show any vacillation (i.e., that he would like to condition his plea on his obtaining the death penalty, and that the plea was entered to protect his loved ones). These later statements, however, are equivocal at best, and appear to be made more for dramatic effect than anything else. Elam entered a valid plea and never clearly attempted to withdraw it. Even had he attempted to do so, it still would be within the discretion of the court to determine whether good cause existed. See Baker v. State, 408 So.2d 686, 687 (Fla. 2d DCA 1982) ("A defendant who deliberately pleads guilty to a criminal charge should not be allowed to withdraw his plea merely because he changes his mind" at a particular point in the proceeding.). Here, the record is devoid of proof of good cause for withdrawal. We find no error.
After the trial court accepted Elam's guilty plea and he waived a penalty phase jury, he sought to discharge his lawyer. When the trial court questioned him, Elam changed his mind and said that he himself would leave the courtroom during the proceeding but that his lawyer could stay but not say or do anything. Immediately prior to trial, Elam again changed his mind and said, "If it's quicker for him [the lawyer] to say something, let him say something. Just let me go [from the courtroom] so we can get it over with, please." In light of this last minute change in plan, the lawyer moved for a continuance to investigate mitigating evidence. The court denied the request based on Elam's representation that counsel was not to put on mitigation. After the State rested its case, counsel said that he would call as witnesses two persons who happened to be in the courtroom and asked to proffer other mitigation that he would have presented if *1314 allowed more time to investigate. The court denied the motion, and Elam contends this was error.[4]
Elam claims that the denial of the motion to proffer violates Koon v. Dugger, 619 So.2d 246 (Fla. 1993). There, the defendant claimed on collateral review that trial counsel was ineffective for failing to put on mitigating evidence. We found no merit to Koon's claim in light of the fact that he himself had prohibited counsel from presenting mitigation. To facilitate appellate review in such cases, however, we established the following procedure:
Although we find no error occurred here, we are concerned with the problems inherent in a trial record that does not adequately reflect a defendant's waiver of his right to present any mitigating evidence. Accordingly, we establish the following prospective rule to be applied in such a situation. When a defendant, against his counsel's advice, refuses to permit the presentation of mitigating evidence in the penalty phase, counsel must inform the court on the record of the defendant's decision. Counsel must indicate whether, based on his investigation, he reasonably believes there to be mitigating evidence that could be presented and what that evidence would be. The court should then require the defendant to confirm on the record that his counsel has discussed these matters with him, and despite counsel's recommendation, he wishes to waive presentation of penalty phase evidence.
Id. at 250. Our ruling in Koon by its own terms is prospective only and can offer Elam no relief. See also Durocher v. State, 604 So.2d 810 (Fla. 1992) (no relief on same issue). We find no error.
Elam claims that the trial court erred in finding aggravating circumstances applicable here. We agree. We find the aggravating circumstance that the murder was especially heinous, atrocious, or cruel inapplicable. Although the defendant was bludgeoned and had defensive wounds, the medical examiner testified that the attack took place in a very short period of time ("could have been less than a minute, maybe even half a minute"), the defendant was unconscious at the end of this period, and never regained consciousness. There was no prolonged suffering or anticipation of death.
The court also erred in finding that the murder was committed to avoid arrest. The record contains virtually no competent evidence showing the presence of this aggravating circumstance, but rather indicates that the murder took place as the result of a spontaneous fight that erupted when Beard confronted Elam concerning misappropriated funds. Similarly, the record contains insufficient evidence to support the aggravating factor that the murder was committed for pecuniary gain. Although the fight erupted over the missing funds, the theft had long been completed and the murder was not committed to facilitate it. See Simmons v. State, 419 So.2d 316, 318 (Fla. 1982) (There must be "a pecuniary motivation for the murder itself."). And finally, we disagree with the court's conclusion that the solicitation convictions constitute prior violent felonies. According to its statutory definition, violence is not an inherent element of this offense. See § 777.04(2), Fla. Stat. (1991) ("Whoever solicits another to commit an offense prohibited by law and in the course of such solicitation commands, encourages, hires, or requests another person to engage in specific conduct which would constitute such offense or an attempt to commit such offense commits the offense of criminal solicitation... .").[5]
Because there are no aggravating circumstances, the death sentence is inappropriate. Banda v. State, 536 So.2d 221, 225 (Fla. 1988) ("The death penalty is not permissible under the law of Florida where, as here, no valid aggravating factors exist."), cert. denied, 489 U.S. 1087, 109 S.Ct. 1548, 103 L.Ed.2d 852 *1315 (1989). We note that Elam has no significant prior criminal record.[6] The State itself originally concluded that the crime did not warrant imposition of the death penalty and agreed to a plea bargain of life imprisonment until Elam himself insisted otherwise.
Accordingly, we affirm Elam's convictions for solicitation and first-degree murder, and the thirty-year sentences on the solicitation counts. We vacate the death sentence and remand for imposition of life imprisonment without parole for twenty-five years on the murder count. The life sentence will run consecutively with the two concurrent thirty-year terms on the solicitation counts, as the trial court provided.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW and HARDING, JJ., concur.
GRIMES, J., concurs in part and dissents in part with an opinion.
KOGAN, J., concurs with conviction, and concurs in result only with sentence.
GRIMES, Justice, concurring in part and dissenting in part.
Whether this murder (1) was especially heinous, atrocious, or cruel and (2) was committed for pecuniary gain are close calls. However, I am fully convinced that the killing was committed to avoid arrest and that Elam had previously been convicted of violent felonies.
The testimony at the penalty phase indicated that Elam had stolen $10,130.79 from a store which he managed for Carl Beard. Three checks written by Beard totalling $15,500 were also missing, although one of the checks which contained Elam's fingerprint was found secreted in a storeroom at the store after Beard's death. Another $4200 in cash, which constituted the store's proceeds for the day Beard was murdered, was also missing.
Elam confessed to a detective that Beard had confronted him about the missing funds. Elam initially denied the thefts, but when Beard persisted, Elam knocked him down, hit him again, and then struck him numerous times in the head with a brick. Elam told his cellmate that the victim "had to be done away with to avoid his being found out." After the murder, Elam enlisted the aid of Frank Fell and Mary Maidaurer to help dispose of the body and to burn the contents of Beard's briefcase, which contained evidence of the thefts. The police discovered that Beard was going to meet with bank officials regarding the missing funds the day after the murder. Clearly, the evidence supports the trial judge's conclusion that Elam committed the murder to avoid arrest. See Fotopoulos v. State, 608 So.2d 784, 792 (Fla. 1992) ("A motive to eliminate a potential witness to an antecedent crime ... can provide the basis for this aggravating factor. An arrest need not be imminent at the time of the murder. Such a motive can be inferred from the evidence presented in th[e] case."), cert. denied, ___ U.S. ___, 113 S.Ct. 2377, 124 L.Ed.2d 282 (1993).
While solicitation to commit certain crimes may not be considered violent felonies, Elam stood convicted of solicitation to murder Fell and Maidaurer to keep them from testifying against him for killing Beard. How can it be said that these are not felonies "involving the use or threat of violence to the person"? See Johnston v. State, 497 So.2d 863 (Fla. 1986) (lack of harm to the intended victim deemed irrelevant where Kansas felony of committing a terroristic threat upheld as prior felony involving the use or threat of violence to the person).
In view of two aggravating factors and the total absence of mitigation, I would uphold the death penalty as well as the conviction.
NOTES
[1] The judge found that Elam had previously been convicted of a violent felony; that the murder was committed to avoid arrest; that the murder was committed for financial gain; and that the murder was especially heinous, atrocious, or cruel.
[2] The judge found that Elam "was a good family man, kind, generous, and compassionate."
[3] Elam makes the following claims in his present appeal: 1) The trial court erred in denying defense counsel's motion to withdraw the plea; 2) the court erred in failing to allow defense counsel to proffer mitigating evidence that would have been presented; 3) the State used improper hearsay evidence; 4) the court should have granted a continuance; 5) the finding of "heinous, atrocious, or cruel" is erroneous; 6) the court erred in refusing to allow defense to argue in mitigation that premeditation was absent or of short duration; 7) the court's finding of "committed to avoid lawful arrest" is erroneous; 8) the court's finding of "prior violent felony" is erroneous; 9) the court's finding of "committed for financial gain" is erroneous; 10) the death sentence is disproportionate; 11) the death penalty is unconstitutional.
[4] In the penalty proceeding, defense counsel made an opening statement, cross-examined the State's witnesses, periodically renewed his motion to continue, presented defense witnesses, and made a closing statement. Elam too addressed the court.
[5] We find the remainder of Elam's claims to be without merit or moot.
[6] He has a single conviction for obtaining an unauthorized loan for less than $100 in violation of a federal statute.