864 So.2d 1151 (2003)
Jose LOPEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-2146.
District Court of Appeal of Florida, Second District.
December 31, 2003.
WALLACE, Judge.
Jose Lopez appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm without discussion as to two of Lopez' claims. As to the remaining two claims, we reverse the trial court's order denying Lopez' motion and remand for further proceedings.
On March 6, 2001, a jury convicted Lopez of solicitation to commit first-degree murder. The trial court sentenced Lopez as a prison releasee reoffender (PRR) to thirty years in prison. In his rule 3.850 motion, Lopez alleged that his counsel was ineffective for failing to object to the PRR sentence. Lopez claimed that he did not *1152 qualify as a PRR because solicitation to commit murder is not an enumerated offense under section 775.082(8), Florida Statutes (1997), the PRR statute. Although Lopez framed his motion as an ineffective assistance of counsel claim, he more properly alleges a claim of an illegal sentence. Such a claim is also cognizable pursuant to rule 3.850. See Brinson v. State, 851 So.2d 815, 815-16 (Fla. 2d DCA 2003); Summers v. State, 747 So.2d 987, 989 (Fla. 5th DCA 1999).
Section 775.082(8)(a)(1) defines the term "prison releasee reoffender" as:
"Prison releasee reoffender" means any defendant who commits, or attempts to commit:
a. Treason;
b. Murder;
c. Manslaughter;
d. Sexual battery;
e. Carjacking;
f. Home-invasion robbery;
g. Robbery;
h. Arson;
i. Kidnapping;
j. Aggravated assault;
k. Aggravated battery;
l. Aggravated stalking;
m. Aircraft piracy;
n. Unlawful throwing, placing, or discharging of a destructive device or bomb;
o. Any felony that involves the use or threat of physical force or violence against an individual;
p. Armed burglary;
q. Burglary of an occupied structure or dwelling; or
r. Any felony violation of s. 790.07, s. 800.04, s. 827.03, or s. 827.071;
within 3 years of being released from a state correctional facility operated by the Department of Corrections or a private vendor.
Solicitation to commit murder is not an offense that is specifically enumerated under the statute. Nevertheless, the trial court ruled that Lopez qualified for sentencing under the PRR statute because solicitation to commit murder was encompassed within the catch-all provision of section 775.082(8)(a)(1)(o) as a "felony that involved the use or threat of physical force or violence against an individual."
Our research has not disclosed any reported cases which address the question of whether solicitation to commit murder is a qualifying offense under the PRR statute. Two cases, however, provide some guidance. In Elam v. State, 636 So.2d 1312 (Fla.1994), the Supreme Court of Florida considered whether a defendant's convictions for two counts of solicitation to commit murder constituted convictions for prior violent felonies in the context of an analysis of aggravating circumstances to support the imposition of the death penalty. The court found that the solicitation convictions were not prior violent felonies because, according to the statutory definition of solicitation, "violence is not an inherent element of this offense." Id. at 1314.[1]
In Duque v. State, 526 So.2d 1079 (Fla. 2d DCA 1988), this court considered whether solicitation to commit murder involved *1153 the use of intentional violence within the meaning of section 947.16(3), Florida Statutes (1981). This statute authorized the trial judge to retain jurisdiction over the first one-third of a defendant's sentence for certain enumerated felonies and for any felony involving the use of a firearm or other deadly weapon or the use of intentional violence. In Duque, we held that the trial court erred in retaining jurisdiction over the defendant's sentence because "the crime of solicitation is not one of the enumerated felonies and the appellant's actions in committing the offense of solicitation did not involve the use of a firearm, deadly weapon, or intentional violence." Id. Thus the case law indicates that solicitation to commit murder is not a felony that involves the use or threat of violence.
"The gist of criminal solicitation is enticement" of another to commit a crime. Hutchinson v. State, 315 So.2d 546, 548 (Fla. 2d DCA 1975) (distinguishing solicitation from attempt). No agreement is needed, and criminal solicitation is committed even though the person solicited would never have acquiesced to the scheme set forth by the defendant. State v. Waskin, 481 So.2d 492, 493-94 & n. 2 (Fla. 3d DCA 1985) (discussing a charge of solicitation to commit murder); see also Florida Bar v. Marable, 645 So.2d 438, 442 (Fla.1994). Thus, the general nature of the crime of solicitation lends support to the conclusion that solicitation, by itself, does not involve the threat of violence even if the crime solicited is a violent crime.
The provisions of the PRR statute shed additional light on this issue. Although attempts to commit the enumerated crimes are qualifying offenses, solicitations are not mentioned in the PRR statute. Therefore, one may infer from this omission that the legislature did not intend to make solicitations qualifying offenses under the PRR statute.
Finally, we note that where, as in this case, "the language of the statute is susceptible of differing constructions, section 775.021(1) requires that we adopt the construction most favorable to the defendant." Thomas v. State, 741 So.2d 1246 (Fla. 2d DCA 1999). Accordingly, we hold that solicitation to commit first-degree murder is not a qualifying offense under the PRR statute, and a conviction for that offense does not qualify Lopez for PRR status. We therefore reverse the trial court's order denying Lopez's rule 3.850 motion on this ground and remand for resentencing.
Lopez also argued that his counsel was ineffective for failing to object to an incorrect scoresheet. The trial court denied this claim because Lopez' scoresheet was irrelevant to his PRR sentence. However, the PRR sentence is illegal, and Lopez is entitled to have a correct scoresheet used upon resentencing. See, e.g., Fortner v. State, 830 So.2d 174 (Fla. 2d DCA 2002). Therefore, we reverse the trial court's order as to this claim and remand for reconsideration.
Affirmed in part, reversed in part, and remanded.
NORTHCUTT and CANADY, JJ., Concur.
NOTES
[1] We note that in Elam, 636 So.2d at 1314, the aggravating circumstances provision to which the supreme court most likely referred was section 921.141(5)(b), Florida Statutes (1991), which provided the following as an aggravating circumstance for imposition of the death penalty: "The defendant was previously convicted of another capital felony or of a felony involving the use or threat of violence to the person." This language is substantially similar to the language in the provision of the PRR statute at issue here. § 775.082(8)(a)(1)(o), Fla. Stat. (1997).