PARIENTE, J.,
concurring.
I agree with the majority’s affirmance of both the conviction for first-degree murder and the death sentence. When a defendant waives mitigation, as he did in this case, the trial judge’s obligation under Muhammad v. State, 782 So.2d 343, 363 (Fla.2001), is to consider all mitigation anywhere in the record to the extent that it is believable and uncontroverted, including information contained within a PSI. See also Grim v. State, 841 So.2d 455, 462 (Fla.2003) (“Mitigating evidence must be considered and weighed when contained ‘anywhere in the record, to the extent that it is believable and uncontroverted.’ ” (quoting Robinson v. State, 684 So.2d 175, 177 (Fla.1996))). This Court’s decision in Hamblen v. State, 527 So.2d 800, 804 (Fla.1988), and its progeny make clear that while a defendant has a right to waive the presentation of mitigating evidence, the *201 trial court must undertake the obligation of ensuring that the propriety of a defendant’s sentence has been established according to the law. “This requirement ‘applies with no less force when a defendant argues in favor of the death penalty, and even if the defendant asks the court not to consider mitigating evidence.’ ” Muhammad, 782 So.2d at 363 (quoting Farr v. State, 621 So.2d 1368, 1369 (Fla.1993)).
In my specially concurring opinion in Muhammad, I fully explained the basis for imposing additional obligations upon the trial court when faced with a defendant who decides to waive the presentation of mitigation during the penalty phase of a capital proceeding:
This issue [of a defendant’s waiver of mitigation] “involves the friction between an individual’s right to control his destiny and society’s duty to see that executions do not become a vehicle by which a person could commit suicide.” Hamblen v. State, 527 So.2d 800, 802 (Fla.1988). We recognized in Hamblen, that “[t]his does not mean that courts of this state can administer the death penalty by default. The rights, responsibilities and procedures set forth in our constitution and statutes have not been suspended simply because the accused invites the possibility of a death sentence.” Id. at 804.
[[Image here]]
... [P]ursuant to Florida’s statutory scheme, whether or not the death penalty should be imposed must be determined by an independent review of the aggravating circumstances and mitigating factors to ensure that the death penalty is fairly, reliably and uniformly imposed. In all capital cases, this Court is constitutionally required “to engage in a thoughtful, deliberate proportionality review to consider the totality of circumstances in a case, and to compare it with other capital cases.” Porter v. State, 564 So.2d 1060, 1064 (Fla.1990); see, e.g., Urbin v. State, 714 So.2d 411, 416 (Fla.1998); Tillman v. State, 591 So.2d 167, 169 (Fla.1991). We cannot permit this constitutional obligation to be thwarted by the defendant’s own actions or inac-tions.
[[Image here]]
As with an appeal, during the penalty phase of a capital trial, the defendant has already been convicted. At this point, the State has an overriding interest in the integrity of the process by which the death penalty is imposed. As the United States Supreme Court has emphasized, the difference between the imposition of the death penalty and any other penalty gives rise to “a corresponding difference in the need for reliability in the determination that death is the appropriate punishment in a specific case.” Woodson v. North Carolina, 428 U.S. 280, 305, 96 S.Ct. 2978, 49 L.Ed.2d 944 (1976) (plurality opinion). We have already recognized this interest when we have required the trial court to consider any evidence of mitigation in the record, even if the defendant asks the court not to consider mitigating evidence.
Muhammad, 782 So.2d at 369-70 (Pariente, J., specially concurring).
I also explained my position in Muhammad to take a trial court’s waiver obligations one step further and endorsed a prospective rule providing for the appointment of special counsel to present available mitigation:
Because of the tremendous responsibilities placed on the trial court and this Court in death penalty cases, rather than leave the appointment of counsel to the trial court’s discretion on a case-by-case basis, I would thus adopt a prospective rule that would provide for the ap *202 pointment of special counsel to present available mitigation for the benefit of the jury, the trial court and this Court in order to assist the judiciary in performing our statutory and constitutional obligations. This procedure, of course, would not prevent the defendant himself or hei’self from arguing in favor of the death penalty.
Adoption of this procedure would serve to promote several important interests critical to the integrity of the process: (1) it would assist any advisory jury in making a more informed sentencing recommendation of either death or life and in fulfilling its statutory obligation to weigh mitigating and aggravating circumstances under section 924.141(2)(b); (2) it would assist the trial court in making a more informed decision as to whether to impose the death sentence by ensuring that the court has before it the available mitigating evidence; and (3) it would facilitate this Court’s constitutionally mandated obligation to review each death sentence for proportionality.
Id. at 370-71.
In this case, the trial judge took the extra measure of appointing special counsel to investigate and present mitigating evidence to assist her in sentencing Russ, and special counsel did, in fact, present the court with additional mitigation to consider. I commend the trial judge for faithfully complying with the obligations imposed by our precedent when there is a waiver of mitigation and also for taking the extra step of appointing special counsel to further ensure the reliability of Russ’s sentence. As evidenced by her sentencing order, the trial judge found both statutory and nonstatutory mitigation. In turn, these findings assisted this Court in performing its constitutional obligation to review the proportionality of Russ’s sentence of death.