PER CURIAM. The issue in this case is whether William Frances Silvia’s original, valid waiver of postconviction proceedings and counsel precludes him from claiming a right to relief under Hurst v. State (Hurst), 202 So.3d 40 (Fla. 2016), cert. denied, — U.S. -, 137 S.Ct. 2161, 198 L.Ed.2d 246 (2017). This Court has jurisdiction. See art, V, § 3(b)(1), Fla. Const. Silvia is a prisoner under sentence of death whose sentence, which was imposed after a jury recommended death by a vote of 11—1, became final on June 6,2011. See Silvia v. State, 60 So.3d 959, 966 (Fla. 2011). This Court fully explained the facts underlying Silvia’s sentence of death in its opinion on direct appeal. Id. at 963-64. On direct appeal, Silvia argued, among other claims, that Florida’s capital sentencing scheme . was unconstitutional under the United States Supreme Court’s opinion in Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), which provided the underpinnings of the United States Supreme Court’s opinion in Hurst v. Florida, — U.S. -, 136 S.Ct. 616, 193 L.Ed.2d 504 (2016), and Hurst. See Silvia, 60 So.3d at 978. This Court denied the claim and affirmed Silvia’s convictions and sentences. Id. - In 2012, Silvia waived his right to post-conviction proceedings and counsel. See Silvia v. State, No. SC12-1863, 2013 WL 5035694, *1 (Fla. Sept. 11, 2013) (123 So.3d 1148). Upon review in 2013, this Court “conclude[d]' that the trial court did not abuse its discretion in discharging Silvia’s postconviction counsel and dismissing post-conviction proceedings.” Id. at *2. Silvia does not dispute in this case the validity of his original waiver. Three years after this Court affirmed the dismissal of Silvia’s postconviction proceedings, the United States Supreme Court decided Hurst v. Florida, and this Court decided Hurst on remand. After Hurst, Silvia.filed a Successive Motion to Vacate Death Sentence claiming a right to Hurst relief. The postconviction court concluded that Silvia was not “seeking to reinstate his previously waived postconvietion proceedings because he had changed his mind” but was “seeking to avail himself of a newly established constitutional right he did not possess at the time of the waiver.” The court determined that Silvia “could not knowingly and voluntarily waive a right ... he did not possess at the time of the waiver” arid, therefore, found that Silvia “is not precluded from seeking Hurst relief.” Applying Hurst to Silvia’s sentence, the postconviction court granted Silvia a new penalty phase. The State appealed. The issue in this case is whether Silvia’s waiver of postconvictión proceedings and counsel precludes him from claiming a right to ■ Hurst relief. Although there is certainly a difference between a defendant who changes his mind after validly waiving postconviction proceedings and a defendant who asserts a right to relief under Hurst, we conclude that this distinction does not afford Silvia any basis for claiming Hurst relief that would entitle him to a new penalty phase. In Mullens v. State, 197 So.3d 16 (Fla. 2016), an analogous case, a defendant waived the right to a penalty phase jury and then attempted to claim a right to relief under Hurst. This Court denied relief, explaining that a defendant “cannot subvert [a] right ... by waiving that right and then suggesting that- a subsequent development in the law has fundamentally undermined his sentence.” Id. at 40. In Mullens, this Court held that Hurst does not apply to defendants who validly waived théir' right to a penalty phase jury, writing: If a defendant remains free to waive his or her right to a jury trial, even if such a waiver under the previous law of a different jurisdiction automatically imposed judicial factfinding and sentencing, we fail to see how Mullens, who was entitled to present mitigating evidence to a jury as a matter of Florida law even after he pleaded guilty and validly waived that right, can claim error. As our sister courts have recognized, accepting such an argument would encourage capital defendants to abuse the judicial process by waiving the right to jury sentencing and claiming reversible error upon a judicial sentence of death. Id. at 39-40 (emphasis omitted). In this ease, Silvia does not challenge the validity of his postconviction waiver. In fact, in reviewing Silvia’s waiver in 2013, this Court made clear: •In addition, Silvia indicated that he understood that by waiving postconviction proceedings early in the process— before a motion was filed—-he was losing permanently his right to take advantage of any changes that may occur in the law, that he was waiving his right to federal review, and that because his at- ' torneys had not yet'completed their discovery, it was unknown what issues could be raised. Silvia acknowledged that he understood everything his attorneys had done to date and that his attorneys could discover information that would be beneficial to him in postconviction. Silvia indicated that he understood 'that the issues in his case were .not fully developed, that his attorneys could not proceed further in their investigation without his cooperation, and that his attorneys could discover- information that would be beneficial to him. He -nevertheless indicated that he did not wish his attorneys to proceed with any further discovery and that he was voluntarily waiving his postconviction counsel and proceedings. Silvia, 2013 WL 6036694, at *2 (emphasis added). Further, at the time of - Silvia’s postconviction waiver in 2012, Ring, which provided the underpinnings for Hurst' v. Florida, had been decided for over a decade and almost all defendants, including Silvia, had raised a Ring claim on direct appeal. Thus, we conclude that Silvia’s original, valid postconviction waiver, which he has never contested before this Court, precludes him from claiming a right to relief under Hurst. CONCLUSION For the reasons fully explained above, we conclude that Silvia’s valid postconviction waiver, which included his understanding that “he was losing permanently his right to take advantage of any changes that may occur in the law,” Silvia, 2013 WL 5035694, at *2, precludes him from claiming a right to the benefit of Hurst. Accordingly, we reverse the postconviction court’s order granting Silvia a new penalty phase and reinstate his death sentence. It is so ordered. LABARGA, C.J., and PARIENTE, QUINCE, POLSTON, and LAWSON, JJ, concur. CANADY, J, concurs in result. LEWIS, J, dissents with an opinion.