# Supreme Court of Florida

————————

No. SC17-499

————————

**PRESSLEY BERNARD ALSTON,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

————————

No. SC17-983

————————

**PRESSLEY BERNARD ALSTON,**
Petitioner,

vs.

**JULIE L. JONES, etc.,**
Respondent.

[May 17, 2018]

PER CURIAM.

We have for review Pressley Bernard Alston's appeal of the circuit court's

order denying Alston's motion filed pursuant to Florida Rule of Criminal

Procedure 3.851 and Alston's petition for a writ of habeas corpus. We have

jurisdiction.  *See* art. V, § 3(b)(1), (9) Fla. Const.  We withdraw the opinion issued on January 22, 2018, and substitute this opinion in its place.

Alston seeks relief pursuant to the United States Supreme Court's decision in *Hurst v. Florida*, 136 S. Ct. 616 (2016), and our decision on remand in *Hurst v. State*, 202 So. 3d 40 (Fla. 2016), *cert. denied*, 137 S. Ct. 2161 (2017).  This Court stayed Alston's appeal and consideration of his habeas petition pending the disposition of *Hitchcock v. State*, 226 So. 3d 216 (Fla.), *cert. denied*, 138 S. Ct. 513 (2017).  After this Court decided *Hitchcock*, Alston responded to this Court's order to show cause arguing why *Hitchcock* should not be dispositive in both cases.  Then, after this Court decided *State v. Silvia*, 239 So. 3d 349 (Fla. 2018), Alston responded to this Court's order to show cause why *Silvia* should not be dispositive in both cases.

After reviewing Alston's responses to the orders to show cause, as well as the State's arguments in reply, we conclude that Alston's valid waiver of postconviction proceedings and counsel in 2003 precludes him from claiming a right to relief under *Hurst*.  *See Silvia*, 239 So. 3d 349; *Alston v. State*, 894 So. 2d 46 (Fla. 2004).  Moreover, Alston's sentence of death became final in 1999. *Alston v. State*, 723 So. 2d 148 (Fla. 1998).  Thus, even if Alston's postconviction waiver did not preclude him from raising a *Hurst* claim, *Hurst* would not apply retroactively to Alston's sentence of death.  *See Hitchcock*, 226 So. 3d at 217.

Accordingly, we affirm the circuit court's denial of relief and deny Alston's habeas petition.

It is so ordered.

LABARGA, C.J., and PARIENTE, QUINCE, POLSTON, and LAWSON, JJ., concur.
CANADY, J., concurs in result with an opinion.
LEWIS, J., dissents.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

CANADY, J., concurring in result.

I would base the denial of relief to Alston on my view that *Hurst* should not be given retroactive application. *See Mosley v. State*, 209 So. 3d 1248, 1285-91 (Fla. 2016) (Canady, J., concurring in part and dissenting in part).

An Appeal from the Circuit Court in and for Duval County,
    Russell Healey, Judge - Case No. 161995CF005326AXXXMA
And an Original Proceeding – Habeas Corpus

Robert A. Norgard of Norgard, Norgard, & Chastang, Bartow, Florida, and Billy H. Nolas, Chief, Capital Habeas Unit, Northern District of Florida, Tallahassee, Florida,

    for Appellant/Petitioner

Pamela Jo Bondi, Attorney General, and Jennifer L. Keegan, Assistant Attorney General, Tallahassee, Florida,

    for Appellee/Respondent