# Supreme Court of Florida

_____

No. SC18-16
_____

**MICHAEL LEE ROBINSON,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

December 20, 2018

PER CURIAM.

Appellant Michael Lee Robinson, a prisoner under sentence of death, appeals an order of the Circuit Court for the Ninth Judicial Circuit denying his successive motion for postconviction relief. We have jurisdiction. *See* art. V, § 3(b)(1), Fla. Const. As explained below, we affirm.

## Facts and Procedural History

In 1995, Robinson confessed to the killing of Jane Silvia, and pleaded guilty to first-degree murder. *Robinson v. State* (*Robinson I*), 684 So. 2d 175, 176 (Fla. 1996). Robinson forbade his attorneys from mounting any defense whatsoever, waived his right to a penalty-phase jury, and told the trial court he wished to be

sentenced to death. *Id.* During the penalty phase, the State called Detective David Griffin as its sole witness, and a recording of Robinson's confession to Detective Griffin was published to the court. *Id.* Relying on *Koon v. Dugger*, 619 So. 2d 246 (Fla. 1993), Robinson's attorneys made a proffer of the evidence they would have presented in mitigation had Robinson allowed it. *Robinson I*, 684 So. 2d at 176.

The trial court found three aggravating factors: (1) the murder was committed for the purpose of avoiding or preventing a lawful arrest; (2) the murder was committed for pecuniary gain; and (3) the murder was committed in a cold, calculated, and premeditated manner without any pretense of moral or legal justification. *Id.* Because explicit mitigation evidence was only proffered and not in fact presented, the trial court did not consider any possible mitigating circumstances. *Id.* at 176-78. The trial court determined the aggravating factors established by the State outweighed any potential mitigating circumstances, and sentenced Robinson to death. *Id.* On appeal, this Court held the trial court's failure to consider mitigating circumstances contained in the record as a whole, rather than solely those proffered by Robinson's counsel, was inconsistent with this Court's decision in *Farr v. State*, 621 So. 2d 1368 (Fla. 1993). *Robinson I*, 684 So. 2d at 177. This Court affirmed the conviction but vacated Robinson's death sentence and remanded to the trial court "to conduct a new penalty phase

hearing *before the judge alone*" with instructions to "consider and weigh all the available mitigating evidence in the record as required by *Farr*." *Id.* at 180 (emphasis added).

At the beginning of the second penalty phase, Robinson's counsel made an *ore tenus* motion to withdraw Robinson's guilty plea, which the trial court denied. *Robinson v. State* (*Robinson II*), 761 So. 2d 269, 273 (Fla. 1999). The State presented the same testimony during the second penalty phase as it had in the first, and the defense presented extensive testimony regarding Robinson's mental health, chronic drug use, and difficult childhood. *Id.* at 271-72.[1] At no point did Robinson attempt to withdraw his prior waiver of a penalty-phase jury; indeed, the record reflects that he told the trial court he was "really comfortable with the fact that the state supreme court remanded [the case] back without a jury again the second time." The trial court found the same three aggravating factors as it had during the first penalty phase. *Id.* at 272-73. The trial court also found two

---

1. Robinson argued that, because the penalty phase hearing was a new hearing which would include all aspects of the penalty phase, the State should have been required to re-prove any and all aggravating circumstances. The trial court ruled that the aggravating circumstances had been established during the first penalty phase and upheld by this Court on appeal, and therefore the State was not required to prove them a second time. *See Robinson I*, 684 So. 2d at 180 n.6 (holding Robinson's argument that the aggravating circumstances were not proven beyond a reasonable doubt was "without merit").

statutory mitigating factors and eighteen nonstatutory mitigating factors, and again sentenced Robinson to death. *Id.* at 273.

On direct appeal, Robinson asserted (1) the trial court erred by denying his motion to withdraw his plea; (2) the trial court erred by denying his motion for neurological testing; (3) the trial judge made prejudicial comments on the record and denied Robinson's request for funds to investigate additional mitigation evidence; (4) Robinson's death sentence was disproportionate; and (5) the trial court erred in finding each of the three aggravating factors. *Id.* at 273 n.4. Robinson did not raise any claims relating to his waiver of a penalty-phase jury. This Court denied relief and affirmed Robinson's sentence. *Id.* at 279. On April 3, 2000, the United States Supreme Court denied Robinson's petition for writ of certiorari, and Robinson's conviction and sentence became final. *Robinson v. Florida*, 529 U.S. 1057 (2000).

On October 3, 2001, Robinson filed a motion for postconviction relief, raising seventeen claims. *Robinson v. State* (*Robinson III*), 913 So. 2d 514, 518 (Fla. 2005). Of these claims, only one is relevant to the present matter: Robinson argued his trial counsel was ineffective for failing to properly inform him of his right to a jury trial and for failing to assert Robinson's desire to have a jury determine his sentence. *Id.* at 523. The postconviction court denied the motion, and this Court affirmed that denial. *Id.* at 517. This Court explained that, during

the second penalty phase, Robinson's trial counsel was "following this Court's express mandate" that resentencing would proceed without a jury. *Id.* at 523; *see Robinson I*, 684 So. 2d at 180 (remanding for a second penalty phase "before the judge alone"). This Court also held this claim was procedurally barred because it could have been raised either in a motion for rehearing in *Robinson I* or on direct appeal from the second penalty-phase hearing in which the circuit court re-imposed a sentence of death, but it was not. *Robinson III*, 913 So. 2d at 523 n.8.

*Robinson III* also addressed a petition for writ of habeas corpus Robinson filed in this Court while his motion for postconviction relief was pending. The petition raised three claims: (1) this Court erred in *Robinson I* by remanding for a new penalty phase before the judge alone; (2) Robinson's appellate counsel in *Robinson II* rendered ineffective assistance by failing to raise that issue on appeal; and (3) Robinson's death sentence is unconstitutional under *Ring v. Arizona*, 536 U.S. 584 (2002). *Robinson III*, 913 So. 2d at 528. We rejected Robinson's first claim on the merits, and further held the claim was procedurally barred because it had been raised in his motion for postconviction relief. *Id.* We also denied Robinson's second claim on the merits, explaining that "appellate counsel had no reason to challenge" our earlier decision "that the new penalty phase was to be before the judge alone," and the issue would therefore have been meritless. *Id.*

Finally, we denied Robinson's *Ring* claim on the ground that we had "previously determined that Robinson lawfully waived the right to a penalty phase jury." *Id.*

**The Present Case**

On September 18, 2017, Robinson filed a successive motion to vacate his sentence of death pursuant to Florida Rule of Criminal Procedure 3.851. Robinson's successive motion raised three claims. First, Robinson claimed his death sentence violates the Sixth Amendment to the United States Constitution pursuant to *Hurst v. Florida* (*Hurst v. Florida*), 136 S. Ct. 616 (2016), and *Hurst v. State* (*Hurst*), 202 So. 3d 40 (Fla. 2016). Second, Robinson claimed his death sentence violates the Eighth Amendment to the United States Constitution pursuant to *Hurst*. Finally, Robinson argued his prior claims of ineffective assistance of counsel must be reconsidered in light of *Hurst v. Florida* and *Hurst* because those decisions created new law which would affect the disposition of his prior claims.

On November 8, 2017, the postconviction court summarily denied the motion. Robinson appealed, and on February 23, 2018, this Court ordered the parties to show cause why the postconviction court's denial of relief should not be affirmed pursuant to *Mullens v. State*, 197 So. 3d 16 (Fla. 2016). In *Mullens*, we held a defendant who waived his right to a penalty-phase jury and was sentenced to death after *Ring* was decided was not entitled to relief pursuant to *Hurst v. Florida*. 197 So. 3d at 38-40.

**Analysis**

*1. Robinson is not entitled to retroactive application of*
Hurst v. Florida *and* Hurst*.*

We affirm the postconviction court's denial of relief because Robinson is not entitled to retroactive application of *Hurst v. Florida* and *Hurst*. Prisoners whose sentences of death were final before the United States Supreme Court issued its decision in *Ring* are not entitled to retroactive application of *Hurst v. Florida* and *Hurst*. *Asay v. State*, 210 So. 3d 1, 22 (Fla. 2016). We have repeatedly reaffirmed this holding, *see Hitchcock v. State*, 226 So. 3d 216 (Fla. 2017) (citing examples and denying relief), and the circumstances of this case do not compel departure from our precedent. Robinson's conviction and sentence became final on April 3, 2000, more than two years before *Ring* was issued. *See Robinson v. Florida*, 529 U.S. 1057 (2000). Therefore, *Hurst v. Florida* and *Hurst* do not apply retroactively to Robinson's sentence.

In a one-sentence footnote in his initial brief in this Court, Robinson argues that considerations of fundamental fairness require us to apply *Hurst* retroactively to his sentence, pursuant to *James v. State*, 615 So. 2d 668 (Fla. 1993). Such cursory treatment is insufficient to raise a claim for review. *See Knight v. State*, 225 So. 3d 661, 675 (Fla. 2017) (holding a claim argued only in two sentences was not sufficiently pleaded). We have also previously declined to adopt a similar "fundamental fairness" retroactivity standard based on preservation of a *Ring*-like

claim prior to the United States Supreme Court's issuance of its decision in *Ring*.

*See Asay*, 210 So. 3d at 30-31 (Lewis, J., concurring in result) (concluding that

*Hurst* should apply retroactively to pre-*Ring* cases in which the defendant raised a

*Ring*-like claim before *Ring* was decided).  Furthermore, like Asay, Robinson did

not raise a *Ring*-like claim at trial: rather, Robinson raised a *Ring* claim for the first

time in his petition for writ of habeas corpus, which was filed after he was

resentenced to death and which this Court adjudicated in conjunction with his

initial postconviction proceeding.  *See Robinson III*, 913 So. 2d at 528; *see also*

*Asay*, 210 So. 3d at 11 n.12 (noting that Asay did not preserve a *Ring*-like claim).

We therefore decline to apply *Hurst* retroactively to Robinson's sentence on the

basis of "fundamental fairness."

*2.* Mullens *is not distinguishable.*

Even if *Hurst* were to apply to Robinson's sentence, the present claim

regarding his right to a penalty-phase jury is procedurally barred because it "could

and should have been raised on direct appeal."  *Miller v. State*, 926 So. 2d 1243,

1260 (Fla. 2006); *see also Lugo v. State*, 2 So. 3d 1, 21 (Fla. 2008) (holding a

challenge to a prisoner's extradition from the Bahamas was procedurally barred

because of failure to challenge the extradition either at the trial level or on direct

appeal).  Had Robinson's claim been properly preserved—which it was not—by a

motion to empanel a jury during the second penalty phase, Robinson could have

- 8 -

challenged the validity of his penalty-phase waiver on direct appeal. Indeed, we determined this precise issue to be barred for this precise reason in *Robinson III*, explaining: "[T]his claim is procedurally barred because it is a matter proper for a motion for rehearing and could have been raised in Robinson's direct appeal from resentencing." 913 So. 2d at 523 n.8. We also rejected this claim on the merits in denying Robinson's petition for writ of habeas corpus. *Id.* at 528.

Because Robinson is barred from challenging the validity of his waiver of a penalty-phase jury, and because we have previously rejected that claim on its merits, Robinson cannot show cause why *Mullens* does not control this case. The defendant in *Mullens* pleaded guilty to two counts of first-degree murder and one count of attempted first-degree murder, and waived his right to a jury recommendation in the penalty phase. 197 So. 3d at 20. The United States Supreme Court issued *Hurst v. Florida* while Mullens's direct appeal was pending in this Court. *Id.* at 38. Mullens claimed his death sentence violated *Hurst v. Florida* because he had been sentenced to death without a unanimous finding by a jury that such a sentence should be imposed. *See id.* at 38-40 (discussing Mullens's *Hurst v. Florida* claim). Therefore, Mullens argued, his sentence should be commuted to life imprisonment.

We rejected Mullens's claim on the ground that *Hurst v. Florida* did not prohibit waiver of the Sixth Amendment right to jury factfinding, and reasoned

that, "[a]s with a guilty plea . . . a waiver of the right to jury sentencing will be upheld if that waiver is knowingly, voluntarily, and intelligently made." *Id.* at 39. We described the trial court's "persistent question[ing]" of Mullens, and determined "that Mullens's waiver was knowing, voluntary, and intelligent." *Id.* Therefore, we concluded, Mullens could not "subvert the right to jury factfinding by waiving that right and then suggesting that a subsequent development in the law ha[d] fundamentally undermined his sentence." *Id.* at 40.

Our decision in *Mullens* controls this case. Although Robinson did not receive a unanimous jury recommendation for death, we have held that Robinson made a valid waiver of that determination, and therefore Robinson's claim fails. *Cf. id.* at 38. Mullens was not entitled to relief because he made a valid waiver of jury factfinding. 197 So. 3d at 40 ("Mullens is not entitled to *relief* pursuant to *Hurst* [*v. Florida*].") (emphasis added). Furthermore, we have held that a subsequent change in law does not affect the validity of a prior, otherwise-valid waiver of a penalty-phase jury. *Mullens*, 197 So. 3d at 40; *see also State v. Silvia*, 235 So. 3d 349, 350-52 (Fla. 2018) (rejecting a claim that a waiver of postconviction proceedings must be reconsidered in light of *Hurst*). Because Robinson cannot challenge the validity of his original waiver, *see Robinson III*, 913 So. 2d at 523 n.8, 528, he cannot show cause why *Mullens* does not control the present case.

**Conclusion**

Based upon the foregoing, the decision of the postconviction court is hereby affirmed.

It is so ordered.

LEWIS, QUINCE, POLSTON, LABARGA, and LAWSON, JJ., concur.
CANADY, C.J., concurs in result.
PARIENTE, J., concurs in result with an opinion.

ANY MOTION FOR REHEARING OR CLARIFICATION MUST BE FILED ON OR BEFORE DECEMBER 27, 2018. A RESPONSE TO THE MOTION FOR REHEARING/CLARIFICATION MAY BE FILED ON OR BEFORE JANUARY 2, 2019. NOT FINAL UNTIL THIS TIME PERIOD EXPIRES TO FILE A REHEARING/CLARIFICATION MOTION AND, IF FILED, DETERMINED.

PARIENTE, J., concurring in result.

I concur in result based on this Court's opinion in *Mullens v. State*, 197 So. 3d 16 (Fla. 2016), *cert. denied*, 137 S. Ct. 672 (2017), but adhere to my view that *Hurst*[2] should be retroactive without the cut-off date of the United States Supreme Court's decision in *Ring v. Arizona*, 536 U.S. 584 (2002).[3] In this case, because Robinson waived his right to a penalty phase jury, *Hurst* does not apply.

---

2. *Hurst v. State* (*Hurst*), 202 So. 3d 40 (Fla. 2016), *cert. denied*, 137 S. Ct. 2161 (2017); *see Hurst v. Florida*, 136 S. Ct. 616 (2016).

3. *See Hitchcock v. State*, 226 So. 3d 216 (Fla.), *cert. denied*, 138 S. Ct. 513 (2017); *Asay v. State* (*Asay V*), 210 So. 3d 1, 32 (Fla. 2016) (Pariente, J., concurring in part and dissenting in part), *cert. denied*, 138 S. Ct. 41 (2017).

- 11 -

An Appeal from the Circuit Court in and for Orange County,
Marc L. Lubet, Judge - Case No. 481994CF009210000AOX

Maria E. DeLiberato, Capital Collateral Regional Counsel, Julissa R. Fontán and Chelsea R. Shirley, Assistant Capital Collateral Regional Counsel, Middle Region, Temple Terrace, Florida,

for Appellant

Pamela Jo Bondi, Attorney General, Tallahassee, Florida, and Doris Meacham, Assistant Attorney General, Daytona Beach, Florida,

for Appellee